# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0046 • E: Jason@levinepstein.com

November 6, 2024

*Via Electronic Filing*
The Hon. Mary Kay Vyskocil, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/7/2024
```

Re:   *Colon v. Mama Taco, LLC et al*
      Case No.: 24-cv-05821

Dear Honorable Judge Vyskocil:

This law firm represents Plaintiffs Lynnette Colon ("Colon") and Yuliannet Gonzalez Urena ("Gonzalez Urena", and together with Colon, the "Plaintiffs") in the above-referenced matter. This letter is submitted jointly with counsel for Defendants Mama Taco, LLC, AMK Brooklyn Inc., Michael Ciron, Natanael Valerio, and Rose Rodriguez (collectively, the "Appearing Defendants").

Pursuant to Your Honor's Individual Motion Practice Rules, and the directives contained in Your Honor's October 2, 2024 Notice of Initial Pretrial Conference [Dckt. No. 22], this letter respectfully serves to provide the Court with a joint letter in the above-referenced action.

A copy of the parties' Proposed Civil Case Management Plan and Scheduling Order is annexed hereto as Exhibit "A".

### I. Summary of the Case

#### A. Nature of the Action

This is an action filed by two (2) individuals against their former employers, alleging violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law (the "NYLL"). Plaintiff were ostensibly employed as bartenders and waitresses at Defendants' restaurants known as "MaMaTaco" located at: (i) 5025 Broadway, New York, NY 10034; and (ii) 880 Flushing Ave., Brooklyn, NY 11206 NY 10034. Throughout their employments, Plaintiffs worked at MamaTaco, as follows:

| **Plaintiff** | **Start** | **End** | **Avg. Hours Per week** | **Straight Hourly Rate** | **Avg. Weekly Compensation** | **Lawful Weekly Pay** |
|---|---|---|---|---|---|---|
| **Lynnette Colon** | 10/1/2022 | 12/31/2022 | 34.0 | $7.35 | $250.00 | $790.00 |
|  | 1/1/2023 | 3/31/2023 | 34.0 | $7.35 | $250.00[1] | $790.00 |
|  | 4/1/2023 | 5/31/2023 | 56.0 | $10.00 | $560.00[2] | $1,210.00 |
|  | 6/1/2023 | 9/30/2023 | 43.0 | $20.00 | $800.00[3] | $1,140.00 |
| **Yuliannet Gonzalez Urena** | 5/1/2023 | 9/30/2023 | 69.5 | $12.00 | $360.00 | $1,588.75 |

---

[1] From approximately October 2022 to, through and including, March 2023, Plaintiff Colon was paid a flat rate of $50 per day, for each eight (8) hour shift she completed, and $100 per day, for each thirteen (13) hour shift she completed.
[2] From approximately April 2023 to, through and including, May 2023, Plaintiff Colon was paid $10 per hour, regardless of how many hours she worked each week.
[3] From approximately June 2023 to, through and including, September 2023, Plaintiff was paid a flat salary of $800 per week, regardless of how many hours she worked each week.

The central allegations of the Complaint are that Plaintiffs were either paid a flat daily rate or flat hourly rate, regardless of how many hours they worked each week. As a result, Plaintiffs were not paid lawful minimum wages, or overtime, during their employment.

Moreover, Plaintiffs were required to pool and distribute their tips with non-tipped individuals at MaMa Taco, *to wit*, their managers and the restaurants' owners. Specifically, Plaintiffs allege that they were required to distribute 15% of their tips, averaging approximately $250 per week.

In addition to their claims for unpaid minimum wages, unpaid overtime, and unlawful deductions under the FLSA and NYLL, Plaintiffs allege additional violations NYLL for unpaid spread-of-hours, as well as wage statement and wage notice violations.

### B.  Appearing Defendants' Principal Defenses

Defendants deny that plaintiffs worked in excess of 40 hours a week and that unpaid overtime accrued. Defendants deny that owners or managers distributed plaintiffs' tips to themselves. Defendants acknowledge record-keeping and wage statement violations.

### II.  Jurisdiction and Venue

The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the FLSA.

Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District

### III.  Statement of Procedural Posture, Status of Discovery, and Prior Settlement Discussions

**<u>Plaintiffs' Position</u>**

As of the date of this filing, Defendant Kevin Burch has not filed an answer to Plaintiffs' Complaint, or otherwise appeared in the action. Plaintiffs anticipate the filing of a Clerk's Certificate of Default Judgment, as against this individual defendant, in the event of his continued non-appearance.

No discovery has been exchanged to-date. Plaintiffs intend to take discovery on, *inter alia*, Defendants' timekeeping and payroll policies, as well as Defendants' tip pooling policies.

Plaintiffs' counsel emailed the Appearing Defendants' counsel an initial demand on November 6, 2024. As of the date of this submission, the Appearing Defendants' counsel has not responded to Plaintiffs' initial demand.

Plaintiffs respectfully request a referral to Court-annexed mediation.

**Appearing Defendants' Position**

Thank you, in advance, for your time and attention to this matter.

                                      Respectfully submitted,

                                      LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                      By: */s/ Jason Mizrahi*
                                          Jason Mizrahi, Esq.
                                          60 East 42nd Street, Suite 4700
                                          New York, New York 10165
                                          Tel. No.:  (212) 792-0048
                                          Email: Jason@levinepstein.com
                                          *Attorneys for Plaintiffs*

                                          Benjamin Sharav
                                          917.392.9887
                                          Law Office of Victor J. Molina
                                          Attorneys for Defendants
                                          MAMA TACO LLC, AMK BROOKLYN INC.,
                                          MICHAEL CIRON, NATANAEL VALERIO, and
                                          ROSE RODRIGUEZ

VIA ECF: All Counsel

Encl.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lynnette Colon et al

,

Plaintiff,

-against-

Mama Taco, LLC et al

,

Defendant.

1: __24__-cv-__05821__(MKV)

CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER

Mary Kay Vyskocil, United States District Judge

This proposed Civil Case Management Plan is submitted by the parties in accordance with Federal Rule of Civil Procedure 23 (f) (3):

1. All parties (consent) (**do not consent**) to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). [*Circle one.*]

   The parties are free to withhold consent without adverse substantive consequences. The Parties may at any time consent to have this case tried before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

   [*If all parties consent, the remaining paragraphs need not be completed. The Party shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf, at the time of submitting this Proposed Case Management Plan.*]

2. This case (**is**) (is not) to be tried to a jury. [*Circle one.*]

3. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within __30__ days from the date of this Order. [*Absent exceptional circumstances, thirty (30) days from the Initial Pretrial Conference or filing of the Proposed Case Management Plan.*]

**DISCOVERY**

4. Initial disclosures pursuant to Rule 26(a)(1) shall be promptly exchanged prior to the Initial Pretrial Conference. Fed. R. Civ. P. 26(a)(1).
    a. Initial disclosures were made on October 2, 2024 and October 6, 2024.

5. All fact discovery shall be completed no later than 3/6/2025. [*A period not to exceed 120 days (use an exact date), unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

6. [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than n/a.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

    a. Initial requests for production of document to be served by 12/6/2024.
    b. Interrogatories to be served by 12/6/2024.
    c. Depositions to be completed by 3/6/2025.
        i. For person injury, civil rights, employment discrimination, or medical malpractice case only: Plaintiff's deposition shall be taken first, and shall be completed by n/a.
    d. Requests to Admit to be served no later than 2/6/2025.

8. <u>Expert Discovery</u>
    a. All expert discovery shall be completed no later than n/a. [*Absent exceptional circumstances, a date (use an exact date) sixty (60) days from the date in paragraph 5, <u>i.e.</u> the completion of fact discovery.*]

    b. No later than thirty (30) days prior to the date in paragraph 5, <u>i.e.</u> the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 8(a).

9. In the case of discovery disputes, the parties should follow Local Rule 37.2 and the Court's Individual Rules of Practice in Civil Cases ("Individual Practice Rules"), which are available at https://nysd.uscourts.gov/hon-mary-kay-vyskocil. Any party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing party, in person or by telephone, in an effort to resolve the dispute.

2

10. In the event the Parties are unable to resolve the dispute through the meet and confer process, the Parties may file a joint letter on ECF, no longer than four pages, explaining the nature of the dispute and setting forth the position of each party with respect to the disputed issue, and requesting an informal conference. Such a letter must include a representation that the meet-and-confer process occurred and was unsuccessful. Discovery disputes must be raised with the Court in sufficient time to obtain a ruling and any further discovery that is ordered in advance of the discovery cutoff.

11. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, and the Court's Individual Practice Rules.

12. All counsel must meet face-to-face for at least one hour to discuss settlement and the use of alternate dispute resolution within fourteen (14) days after the filing of a responsive pleading.

13. The parties have/have not (circle one) discussed settlement and the use of alternate dispute resolution. Please advise the Court of the outcome of your discussion.

   a. Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following [*specify whether such exchanges have occurred, will occur now, or will occur following fact discovery*]:
   Time records, payroll, records, tip records, and financial records - should Defendants intend to raise an inability to pay. The following disclosures will be made now.
   Any text, Snap-Chat, e-mail, voice messages between the parties

   b. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
   Participation in the District's Mediation Program

   c. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b be employed at the following point in the case (e.g. within the next sixty days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
   Within the next sixty (60) days.

   *(NOTE) The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.* Unless the Court orders otherwise, parties engaged in settlement negotiations must pursue settlement and conduct discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

3

14. Counsel for the parties have conferred and their present best estimate of the length of trial is: <u>2-3 days</u>.

15. [*Parties may include other provisions. See Rule 26(f)(3).*]

---

**TO BE COMPLETED BY COURT:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

16. A Post-Discovery Conference is scheduled for **March 19, 2025** at **11:30 AM** in Courtroom 18C of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, NY 10007.

    One week before the conference, the parties shall submit a joint letter regarding the status of the case. The letter should include the following information in separate paragraphs:

    a. a statement of any existing deadlines, due dates, and/or cut-off dates;
    b. a brief description of any outstanding motions;
    c. a brief description of the discovery and undertaken if either party believes any additional discovery that needs to be completed;
    d. a statement describing the status of any settlement discussions and whether the parties would like a settlement conference;
    e. a statement of the anticipated length of trial and whether the case is to be tried to a jury;
    f. a statement of whether any party anticipates filing a motion for summary judgment or a motion to exclude expert testimony (*see* Individual Practice Rules ¶4(A)(i));
    g. any other issue that the parties would like to address at the conference; and
    h. any other information that the parties believe may assist the Court in advancing the case to settlement or trial.

4

If no SJ motion is anticipated, the post-discovery conference will serve as a pre-trial conference. Parties should be prepared to discuss scheduling of trial and all pre-trial matters.

**This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 2(G) of the Court's Individual Practice Rules and shall be made no less than three (3) days prior to the expiration of the date sought to be extended. Failure to comply with the deadlines set forth herein may result in sanctions, including preclusion at trial of information not provided or dismissal of claims or defenses.**

**The conference scheduled for November 13, 2024 is AJOURNED *sine die*.**

_____
Mary Kay Vyskocil
United States District Judge

Dated: 11/7/2024
New York, New York

5